# EXHIBIT 1

**Session 1 - USA v. 1) Brayan Ramos-Brito  6-9-25.wav**

Transcript produced by computer

using reduct.video

Speakers:

BO GRIFFITH

BRAYAN RAMOS-BRITO

BRIAN YANG

CLERK

JUDGE

1  **CLERK:** [00:00:08] I'm sorry, calling case 25
2  -3506M, United States of America versus defendant number one,
3  Brian Ramos-Brito.
4  **BRIAN YANG:** [00:00:17] Good afternoon, Your
5  Honor. Brian Yang on behalf of the United States.
6  **BO GRIFFITH:** [00:00:26] Good afternoon, Your
7  Honor. Beau Griffith on behalf of Brian Ramos-Brito. And he
8  is next to me in the courtroom.
9  **JUDGE:** [00:00:35] All right. Thank you. And,
10 sir, good afternoon. Would you please state your name for the
11 record?
12 **BRAYAN RAMOS-BRITO:** [00:00:40] Brian Ramos
13 -Brito.
14 **JUDGE:** [00:00:41] All right. Is there a
15 microphone in front of you?
16 **JUDGE:** [00:00:44] All right. Okay. Thank you. I
17 just need you to speak into it or as loudly as possible
18 because we're recording the hearing, okay? All right. Now,
19 thank you. Now, sir, I understand you are asking the court to
20 appoint an attorney for you. I have a financial affidavit
21 here. Is that your signature?
22 **BRAYAN RAMOS-BRITO:** [00:01:02] Yes.
23 **JUDGE:** [00:01:05] Now, is the information on
24 this form correct?
25 **BRAYAN RAMOS-BRITO:** [00:01:09] Yes, correct.

```
 1          JUDGE:      [00:01:09] All right. Based on the
 2   financial affidavit, I find that Mr. Ramos-Brito is entitled
 3   to the appointment of counsel, and I appoint Mr. Griffith to
 4   represent you. Now, sir, have you had a chance to review the
 5   complaint in the supporting affidavit that was filed against
 6   you?
 7          BRAYAN RAMOS-BRITO:     [00:01:26] Yes.
 8          JUDGE:      [00:01:27] All right. Do you understand
 9   what it is the government claims that you did?
10          BRAYAN RAMOS-BRITO:     [00:01:30] Yes.
11          JUDGE:      [00:01:31] All right. There is a request
12   for detention in the file, Mr. Yang.
13          BRIAN YANG:     [00:01:33] Your Honor, the
14   government would be withdrawing its request and requesting the
15   bond amount that's set forth in the pretrial services report
16   of $10,000 and the conditions recommended by pretrial.
17          JUDGE:      [00:01:48] Okay. I think this is a matter
18   where I have the right to order a detention hearing based on
19   the fact that this is a crime of violence and one where there
20   is a substantial risk of obstruction of justice. So I'd like
21   to hear arguments regarding why detention should not occur in
22   this matter.
23          BO GRIFFITH:     [00:02:13] Well, Your Honor, the
24   first reason that you should not be detained is it is not a
25   crime of violence. And I will cite U.S. v. Damiquez. I'm
```

1   going to pronounce this poorly. So I'll just say 748F3D918,
2   Ninth Circuit. I think it's 2014. And what that says is that a
3   violation of Section 111A is not a crime of violence under the
4   categorical approach. That categorical approach applies today
5   under the BRA. The second...
6   **JUDGE:**   [00:02:53] Could you give me that cite
7   again?
8   **BO GRIFFITH:**   [00:02:54] Yes, Your Honor. It is
9   748F3D918, Ninth Circuit, 2014.
10   **JUDGE:**   [00:03:03] Okay.
11   **BO GRIFFITH:**   [00:03:04] And it is U.S. v.
12   Damiquez-Marroquet.
13   **JUDGE:**   [00:03:07] Okay. Okay. So then let's move
14   on to the issue. And I'll have to go review that. But let's
15   move on to the issue of whether that there is a substantial
16   risk of obstruction of justice.
17   **BO GRIFFITH:**   [00:03:21] Yes, Your Honor. First
18   of all, I don't think there's any risk of obstruction of
19   justice. Ms. DeRamos has no criminal record. And if... Well,
20   what I'll start with is I want to point to paragraph 10 and 11
21   of the complaint. The last line in paragraph 10 says that when
22   U.S. Border Patrol agent tried to physically move Ramos
23   -Brito to continue the pursuit, Ramos-Brito pushed the U.S.
24   Border Patrol agent in the chest. That is a lie. It is on
25   video. And it is incontrovertible that he did not push the

1  agent first. The video shows the agent tried to grab his arm.
2  He pulls it away. They get in each other's face. The agent
3  pushes him away.
4        **JUDGE:**     [00:04:07] Who pushes him away?
5        **BO GRIFFITH:**    [00:04:09] The agent pushes my
6  client away.
7        **JUDGE:**     [00:04:11] Okay.
8        **BO GRIFFITH:**    [00:04:12] They get in each other's
9  face again. A co-defendant grabs him to hold him back. The
10 agents throw them both to the ground. They kick him. They knee
11 him. They drag him away. They rip his shirt. He gets these
12 marks on his arm and on his foot. I have it on a video I can
13 show, Your Honor, if you'd like to see.
14       **JUDGE:**     [00:04:32] Okay.
15       **BO GRIFFITH:**    [00:04:34] Now...
16       **JUDGE:**     [00:04:39] Okay, go ahead.
17       **BO GRIFFITH:**    [00:04:39] The first sentence of
18 Paragraph 11, after he pushed the U.S. Border Patrol agent in
19 the chest or moved to arrest him, he did not push him in the
20 chest before he was taken down. He was thrown to the ground.
21 There's two videos. In one video, you can see him being pushed
22 first, thrown to the ground. The second video, you can see him
23 being dragged away by his foot across the pavement. He was
24 being choked while he was on the ground. He had knees hitting
25 him in the back and in the back of the head. The only way he

```
 1   would have even touched one of these officers is if he was
 2   trying to get out of that hold. And so, Your Honor, I'd like
 3   to proffer that video if you'd like to see it, because I think
 4   it shows that this paragraph here is not correct. It is a lie.
 5            JUDGE:    [00:05:32] Does it show that I'm looking
 6   at paragraph 10 in the middle? As the agents pursued, the U
 7   .N. Ramos Brito stepped into the agent's path and used his
 8   body to block agents' pursuit.
 9            BO GRIFFITH:    [00:05:45] What you'll see in – so
10   we dispute all of that. I believe the arrest of the Rodriguez
11   sisters happened after this, happened after he was thrown to
12   the ground and after he was beaten. What you'll see in the
13   video is the officers are standing there, and there's a group
14   of protesters standing there. No one's chasing anyone. No
15   one's running. They're just exchanging words. You can't hear
16   on the video what that is. But he's not blocking anyone. He's
17   standing in front of a bunch of cars at an intersection, and
18   the Border Patrol is kind of in front of him to the right.
19   There's no way he could have blocked them. They could have
20   gone around him. There's a group of Border Patrol agents.
21   There's cars everywhere. And what you'll see in this video is
22   there's dozens of people, and every single one looks like they
23   have their phone out filming it. So I don't know how he's
24   going to obstruct justice and get every single one of those
25   phones. I mean, it just – this complaint is a lie. And the
```

1  video shows that. And, I mean, the idea that he would obstruct
2  justice somehow when these videos were posted to TikTok,
3  people have seen them. I mean, it's just ridiculous. His
4  brother is here in the audience. He was there. He's willing to
5  sign a $10,000 bond. I mean, there's no reason to think he's
6  going to obstruct justice. And on top of that, there's going
7  to be a selective prosecution motion in this case because this
8  administration has pardoned hundreds of people for this exact
9  same conduct that they allege he has done.
10  **JUDGE:**   [00:07:31] Okay, how about the
11  allegation, I'll fuck you up, I don't care who you are, or the
12  other allegation that he threatened to kill the agent?
13  **BO GRIFFITH:**   [00:07:38] We dispute both of
14  those. Okay, but either way, that is not an assault on a
15  federal officer. Regardless of what he said in the video –
16  **JUDGE:**   [00:07:51] I think based on your video, I
17  need to see it. So we're going to have to put this matter to
18  the end so that we can handle all the other cases so that I
19  can see the video.
20  **BO GRIFFITH:**   [00:07:59] The video goes to other
21  co-defendants as well.
22  **JUDGE:**   [00:08:02] Yes, I suspect we're going to
23  end up having to put all of those folks to the end. Okay?
24  **BO GRIFFITH:**   [00:08:07] Very well, Your Honor.
25  **JUDGE:**   [00:08:08] All right. Mr. Yang?

|   |   |
|---|---|
| 1 | **BRIAN YANG:** [00:08:11] Your Honor, the only |
| 2 | thing I'd note is that with regards to the video, I haven't |
| 3 | seen that video myself. I'm not sure where that video is |
| 4 | coming from. It sounds like it's coming from social media, |
| 5 | from other individuals. |
| 6 | **JUDGE:** [00:08:23] I'm pretty sure this complaint |
| 7 | talks about a video because I know it talks about with the |
| 8 | sisters and that the behavior is on video in the complaint. So |
| 9 | I don't know if it's the same video or not. |
| 10 | **BRIAN YANG:** [00:08:34] Yes, Your Honor, and |
| 11 | that's why I don't know if – |
| 12 | **JUDGE:** [00:08:36] Are the officers here by any |
| 13 | chance? |
| 14 | **BRIAN YANG:** [00:08:38] I believe the agents – |
| 15 | yes. |
| 16 | **JUDGE:** [00:08:41] Okay. |
| 17 | **BRIAN YANG:** [00:08:42] So I would just note that |
| 18 | for the record is that I don't know if we're talking about the |
| 19 | same video. Obviously, videos can be taken at different times. |
| 20 | What they show, show different times. So I'm not sure if we're |
| 21 | talking about the same thing. But at the end of the day, based |
| 22 | on the report that was presented by pretrial services, the |
| 23 | defendant's community ties, lack of criminal history, and the |
| 24 | fact that the defendant does seem to have a surety, that is |
| 25 | why the government is – |

```
 1          JUDGE:      [00:09:16] I understand. I'm going to
 2  have to get to the bottom of the obstruction of justice. I'm
 3  going to have to read that case law.
 4          BRIAN YANG:     [00:09:20] Yes, Your Honor.
 5          JUDGE:      [00:09:21] All right. Mr. Griffith.
 6          BO GRIFFITH:     [00:09:26] Your Honor, I just don't
 7  see any basis for any idea that he would obstruct justice. I
 8  think that's purely speculation. I mean, there's videos,
 9  there's witnesses. There's witnesses here in the courtroom. I
10  mean, I don't know how he would obstruct justice when there's
11  dozens and dozens of witnesses and videos. That's all, Your
12  Honor. There's two videos, and they apply to two of the co
13  -defendants here. And I have those – I believe it's Ms.
14  Blanco's client. And I do have those on a thumb drive.
15          JUDGE:      [00:10:07] Okay. That's Jose Mojica?
16          BO GRIFFITH:    [00:10:08] Yes, Your Honor.
17          JUDGE:      [00:10:09] Okay. All right. Well, we'll
18  put the matter over to the end, and then I'll take a look at
19  the video. All right? Okay.
20          JUDGE:      [00:10:17] Kristi, could you please call
21  the next matter?
22
23
24
25
```

**Session 2 -USA V. 1) Brayan Ramos-Brito   .wav**

Transcript produced by computer

using reduct.video

Speakers:

BO GRIFFITH

BRIAN YANG

CLERK

JUDGE

KATE CORRIGAN

MARK TOLKAT

MS. EKLUND

```
 1           CLERK:       [00:00:11] Recalling case 25 -3506M,
 2   United States of America v. Defendant No. 1, Brian Ramos
 3   Brito.
 4           BRIAN YANG:    [00:00:20] Good afternoon again,
 5   Your Honor. Brian Yang on behalf of the United States. And at
 6   counsel's table, I also have Mark Toklat for the United
 7   States.
 8           JUDGE:     [00:00:27] All right. Good afternoon.
 9           MARK TOLKAT:    [00:00:29] Good afternoon, Your
10   Honor.
11           BO GRIFFITH:    [00:00:30] Bo Griffith for Brian
12   Ramos Brito.
13           JUDGE:     [00:00:32] All right. Good afternoon.
14   Okay, so we are back on the detention hearing for the
15   defendant. I have had the opportunity to do some research on
16   those two issues. Before we proceed, any of the defense
17   counsel, I don't know if you were doing research. Well, I was
18   doing research. So I would just ask if anyone, do you have
19   anything to report? Did you find controlling case law from the
20   Ninth Circuit that I need to know about?
21           KATE CORRIGAN:    [00:01:07] No, Your Honor. I
22   don't think there is any. And I'm going to ask the court to
23   give us an indication of what the court's intention is here
24   because I think that during the break we were all able to talk
25   about what the court's comments were. And I will just tell you
```

```
 1   we're universally in disagreement, and we've been in touch
 2   with other panel lawyers. And so I'm going to request on
 3   behalf of all four of us that the court grant bond on all of
 4   us and that we move on and get these people out of custody
 5   here so we can get some court dates.
 6            JUDGE:      [00:01:43] I understand. Thank you. All
 7   right. Anything further? All right. So with regard to the
 8   issue of the detention hearing, well, I guess I should ask,
 9   would you like to be heard further on the matter? Yes.
10            BO GRIFFITH:      [00:02:09] In terms of obstruction,
11   Your Honor, I think we've gone through quite a bit on that,
12   Your Honor. But just to reiterate, I don't think there's any
13   evidence that my client is going to obstruct anything in
14   relation to his case or any other case. This is a case that he
15   is challenging, that he wants to take to trial. The government
16   themselves are not requesting detention, indicating that they
17   don't think he's at risk to obstruct justice, and they would
18   know being that they're going to be the ones prosecuting the
19   case. So detention hearing, I think the conditions of bond are
20   reasonable, and we've actually released on those conditions.
21            JUDGE:      [00:02:52] All right. Thank you. Mr.
22   Yang, do you have anything further?
23            BRIAN YANG:      [00:02:54] Your Honor, and just kind
24   of to sum everything up regarding the government's position,
25   again, I believe under 3142F2B specifically, the court does
```

|    |                                                                              |
|----|------------------------------------------------------------------------------|
| 1  | have the authority to, on its own motion, find whether or not                |
| 2  | that there is a serious risk that a person will obstruct                     |
| 3  | justice. Now, based on the government's research, brief                      |
| 4  | research, it seems like the circuits are split on what the                   |
| 5  | standard is. I believe some circuits believe it's a                          |
| 6  | preponderance. The others believe it's a clear and convincing                |
| 7  | standard. But even if we meet that threshold, then we go to                  |
| 8  | the question of whether or not we look at the factors on                     |
| 9  | whether or not the defendant should be either detained or if                 |
| 10 | there's conditions that would assure the safety of the                       |
| 11 | community and defendant's appearance in court. And based on at               |
| 12 | least those factors, the government, again, would submit on                  |
| 13 | the reasonings that the government has stated previously.                    |
| 14 | **JUDGE:**   [00:03:52] Understood. Thank you. With                          |
| 15 | regard to Mr. Ramos' three -toe, my research reflects that                   |
| 16 | there is no controlling case law from the Ninth Circuit about                |
| 17 | the issue about how crime of violence is defined under 3142F.                |
| 18 | That being the case and the fact that this claim meets the                   |
| 19 | elements under the statute, I feel constrained to find that                  |
| 20 | this case meets the definition of crime of violence under                    |
| 21 | 3142F. Maybe this will give us an opportunity to appeal the                  |
| 22 | issue and to get a Ninth Circuit decision on whether or not                  |
| 23 | they're going to apply the categorical analysis to that issue,               |
| 24 | to 3142F or not. But I haven't heard anyone tell me that there               |
| 25 | is a Ninth Circuit decision on that point. All right. In this                |

—4—

1    case, I find that there is a - this is a crime of violence
2    under 3142F. I find that there is serious risk of flight and
3    danger. I find that based on the fact that there appears to
4    have been a lack of candor with pretrial services resulting in
5    an unverified background. There is no stable employment.
6    Criminal history reflects the defendant owns a car and does
7    not have a driver's license and as a result is and has been
8    convicted of driving without a license. I find that the
9    allegations of a physical assault against federal law
10   enforcement along with the verbal threat to injure the Bureau
11   of Prisons, I mean a bureau officer, or that he was going to
12   shoot him reflects that there is a serious danger and as a
13   result the defendant will be remanded to the custody of the
14   United States Marshal.
15           **BO GRIFFITH:**    [00:06:16] There's no dishonesty to
16   the pretrial services I'm not sure what you're talking about.
17   I'm not sure what the court's referring to.
18           **JUDGE:**    [00:06:23] Do I have my cases mixed up? I
19   hope not.
20           **BO GRIFFITH:**    [00:06:27] On top of that your
21   honor there's no in the complaint there's no threat that he's
22   going to
23           **JUDGE:**   [00:06:35] yeah there's the kill this is
24   right there's the fucking up the law enforcement officer in
25   the complaint right and the pretrial services report reflects

| | |
|---|---|
| 1 | that the defendant verbally threatened he will shoot at Border |
| 2 | Patrol agents. |
| 3 | **BO GRIFFITH:**   [00:06:50] In the complaint? |
| 4 | **JUDGE:**   [00:06:52] It's in the pretrial services |
| 5 | report page four what page four at the very top alleged |
| 6 | offense conduct. |
| 7 | **BO GRIFFITH:**   [00:07:01] Well I don't understand |
| 8 | where they'd get that from that's not in the complaint he |
| 9 | didn't say that to them and on top of that your honor if |
| 10 | you're going to take this complaint to determine that this is |
| 11 | a crime of violence and and take those comments into |
| 12 | perspective I'd ask that you watch the video because it's |
| 13 | going to undermine the credibility of this complaint. |
| 14 | **JUDGE:**   [00:07:24] I'm acting on the criminal |
| 15 | complaint that's in front of me. |
| 16 | **BO GRIFFITH:**   [00:07:26] But the criminal I have |
| 17 | evidence that that criminal complaint is not correct and |
| 18 | you're using. |
| 19 | **JUDGE:**   [00:07:31] Can we ask again as Mr. Reed |
| 20 | so eloquently argued that is not my decision here today. |
| 21 | **BO GRIFFITH:**   [00:07:38] But you are basing your |
| 22 | decision on the facts in the complaint and one fact that's not |
| 23 | in the complaint at all it's it's in the pretrial service |
| 24 | report and I don't know where that comes from. It didn't. |
| 25 | **JUDGE:**   [00:07:48] Ms. Eklund do you by any |

```
 1   chance know where that comes from? Obviously that's a pretty
 2   serious allegation.
 3           MS. EKLUND:      [00:07:57] I do not your honor I
 4   mean the report just states that it was according to the case
 5   agent but I did not write the report so I did not specifically
 6   talk to Casey. Mr. Yang.
 7           BRIAN YANG:     [00:08:07] Just to clarify it is
 8   written in the the affidavit on page 4.
 9           JUDGE:     [00:08:14] Okay and can you read that
10   affidavit on page 4?
11           BRIAN YANG:     [00:08:17] Yes it says as the agents
12   pursued the UM Ramos -Brito stepped into the agents path and
13   used his body to block the agents pursuit then Ramos -Brito
14   approached one of the pursuing agents and told the agent in
15   substance and summary I'll fuck you up I don't care who you
16   are.
17           BO GRIFFITH:     [00:08:32] So that's different on
18   top of that. I don't agree with that. We have video that shows
19   the very next sentence is false.
20           JUDGE:     [00:08:42] So as you know we're not here
21   to look at video.
22           BO GRIFFITH:     [00:08:45] But we are your honor if
23   it means that you're going to take this quote as a fact then
24   you should look at the facts that undermine the rest of that.
25           JUDGE:     [00:08:57] You have the ability to appeal
```

```
 1   it and I know that you will so let's just move forward and we
 2   can let the district judge or whoever you appeal it to.
 3            BO GRIFFITH:     [00:09:05] Very well yeah.
 4            JUDGE:     [00:09:06] All right. All right that will
 5   be the order of the court with regard to this defendant. Now
 6   there's no request to no waiver of preliminary hearing here is
 7   that right?
 8            BRIAN YANG:     [00:09:19] That's correct.
 9            JUDGE:     [00:09:20] All right as a result the
10   preliminary hearing is scheduled for Monday June 23rd 2025 at
11   1130 before Judge Addero in Los Angeles and Roybal at
12   courtroom 640 and PIA is scheduled for Friday June 27th 2025
13   before Judge Smirchoff in courtroom 640 in Roybal. All right
14   now is there anything further with regard to this defendant?
15            BRIAN YANG:     [00:09:47] Your honor I apologize
16   could you repeat the date of the prelim one
17            JUDGE:     [00:09:55] preliminary hearing Monday
18   June 23rd 2025 at 1130 in LA courtroom 640.
19            BRIAN YANG:     [00:10:02] Thank you honor nothing
20   nothing else from the government.
21            JUDGE:     [00:10:05] Defendant's remanded.
22            BO GRIFFITH:     [00:10:07] Your honor in terms of
23   obstruction is the court making any I am NOT making a finding
24   on that. So just to confirm the court's finding is based on
25   the complaint?
```

```
 1              JUDGE:     [00:10:21] My findings are my findings.
 2              BO GRIFFITH:    [00:10:23] Okay but I'm just trying
 3    to understand.
 4              JUDGE:     [00:10:25] You can appeal and make any
 5    arguments you want okay.
 6              BO GRIFFITH:    [00:10:28] But is the finding based
 7    on the complaint and the finding is based on all of the things
 8    we ordinarily consider the complaint oral argument and the
 9    pretrial services report. All right very well.
10              JUDGE:     [00:10:43] All right Christy would you
11    please
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```