BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division)
PATRICK D. KIBBE (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
JEHAN PERNAS KIM (Cal. Bar No. 320584)
Assistant United States Attorney
Deputy Chief, Transnational Organized
Crime Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6482
    Facsimile: (213) 894-0141
    E-mail:   patrick.kibbe@usdoj.gov
                 jehan.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-501-SVW |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE POST-ASSAULT EVIDENCE</u> |
| v. | Hearing Date: September 15, 2025 |
| BRAYAN RAMOS-BRITO, | Hearing Time: 11:00 am |
| Defendant. | Location:    Courtroom of the Hon. Stephen V. Wilson |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Patrick D. Kibbe and Jehan Pernas Kim, hereby files its motion <u>in limine</u> to exclude a video of defendant and witness Jose Mojica being arrested after defendant assaulted Agent J.M., and any testimony or argument regarding how defendant and Mojica were arrested, under Federal Rules of Evidence 401, 402, and 403.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 10, 2025          Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division


         /s/
PATRICK D. KIBBE
JEHAN PERNAS KIM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Brayan Ramos-Brito should be precluded from introducing into evidence the video in Exhibit A, which is video taken after defendant struck Agent J.M. and that shows the arrest of defendant and witness Mojica, and any evidence or argument regarding how defendant and witness Jose Mojica were arrested.

The video that defendant intends to introduce in Exhibit A and any testimony or argument regarding how he and Mojica were arrested are plainly irrelevant under Rules 401 and 402 because this purported evidence happened after defendant struck Agent J.M.  Furthermore, the arrest of defendant was conducted by agents other than Agent J.M.  Therefore, it is irrelevant to whether defendant intentionally and forcibly assaulted Agent J.M. or any theory of self-defense, since it comes after the assault.

Even if the Court were to find this evidence had any relevance, which it does not, it should be excluded under Rule 403.  Immigration enforcement is highly politicized now.  Indeed, defendant's assault of Agent J.M. in this case occurred during a protest of immigration enforcement.  Admission of evidence of how defendant and Mojica were arrested risks producing a decision based not on the law and the evidence presented at trial, but on unfair prejudice, confusing the issues, and misleading the jury.  It would also waste time.  This is exactly what Rule 403 is designed to prevent.

**II.  STATEMENT OF FACTS**

As described more fully in the Government's motion in limine to preclude defendant's argument for self-defense, which is incorporated here by reference, on June 7, 2025, defendant Brayan Ramos Brito went

to an office complex that contained an HSI office in Paramount California where individuals had gathered to protest immigration enforcement.  When he arrived, defendant took an aggressive stance, made his hands into fists, swore at agents, and at times stood inches away from their faces.  During this time, defendant and another individual, Jose Mojica, were in the street, in the way of oncoming traffic and vehicles that were attempting to turn into the office complex.  When Agent J.M. pushed another protestor out of the way of incoming traffic, defendant shoved Agent J.M.  Shortly thereafter, when another vehicle was approaching, Agent Mejorado attempted to move the protestors, including defendant and Mojica, out of the street.  Agent Mejorado placed his hand on defendant's arm, and defendant swatted it away.

Agent J.M. then pushed defendant back several feet.  Defendant walked back toward J.M. with his fists clenched and ultimately struck J.M. in his chest.

Agents then grabbed defendant to arrest him for assaulting Agent J.M.  In an apparent attempt to stop them from doing so, Mojica jumped on the back of defendant and wrapped his arms around him.  Agents then had to physically separate defendant and Mojica.  Agents pulled defendant away from Mojica by the leg to arrest him.  Meanwhile, other agents carried Mojica away from the scene and arrested him.  Agent J.M. was not one of the agents who pulled defendant away from Mojica or who carried Mojica away from the scene to be arrested.

Based on a meet and confer with defense counsel, the Government understands that the defense intends to introduce the video attached to this motion in limine as Exhibit A.  This video was uploaded to

social media.  The video takes place *after* defendant assaulted Agent J.M.  The video begins at the time that agents are attempting to arrest defendant and Mojica.  A crowd is gathered around the area, obstructing the view of where agents are struggling to separate Mojica and defendant.  The video shows two agents pulling defendant by his right leg out of the crowd, toward the sidewalk, and away from where Mojica is being arrested.  Additional agents surround defendant on the sidewalk and place him under arrest, by placing his hands behind his back and handcuffing him while he is on the ground on his chest.  Agent J.M. is not one of the agents that pulls defendant toward the sidewalk or places him under arrest.  The video then shows numerous agents surrounding Mojica and placing him under arrest while he is on the ground.  After this, the video shows agents walking defendant, whose hands are handcuffed behind his back, inside the gated area of the office complex.  The video in Exhibit A does not show defendant's assault on Agent J.M. or the events leading up to it.

In addition to the video in Exhibit A, based on defendant's <u>Ex Parte</u> Application for a Rule 17 subpoena, it appears the defense intends to elicit testimony from Mojica that he and defendant were "simultaneously pulled to the ground and placed in choke holds by Border Patrol Employees."  Dkt. 78 at 4.

For the reasons described below, the Court should preclude the introduction of the video in Exhibit A and any testimony or argument regarding how defendant and Mojica were arrested.

**III. ARGUMENT**

The video in Exhibit A that defendant intends to introduce showing defendant and Mojica's arrests, and any testimony or argument

3

regarding how they were arrested, are inadmissible under Rules 401, 402, and 403.

First, the evidence is inadmissible because it is irrelevant under Rule 402. Rule 401 permits the introduction of evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence that does not meet this definition is inadmissible. Fed. R. Evid. 402. The video in Exhibit A occurred after defendant struck Agent J.M. This post-assault evidence is not probative of defendant's state of mind. Even if the Court were to entertain defendant's arguments regarding self-defense, which the Government addresses in its separate motion <u>in limine</u>, the evidence would still be inadmissible because it is not relevant to whether the defendant reasonably believed that force was necessary to defend against an immediate use of lawful force by Agent J.M. Thus, the evidence and argument should be excluded.

Second, the video in Attachment A, and any testimony or argument regarding how defendant and Mojica were arrested, are inadmissible under Rule 403. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue waste of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice means undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

4

United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) (internal quotations marks and citation omitted).  For the reasons stated above, the video that defendant intends to introduce depicting other agents pulling him away from Mojica and agents arresting them is irrelevant to the issues of whether defendant knowingly assaulted Agent J.M. or whether defendant reasonably believed that striking Agent J.M. was necessary to defend against an immediate use of unlawful force by Agent J.M. Even if the Court found this evidence had some minor probative value, which it does not, that probative value would be substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, and wasting time.  The charged crime in this case is misdemeanor assault on a federal officer, and consequently the upcoming trial turns entirely on the events *prior* to defendant's arrest, namely the circumstances of the assault, and whether defendant has any valid claim of self-defense. Defendant is instead attempting to focus the jury's attention on what happened *after* the assault which is irrelevant – this is simply a ploy to elicit sympathy from the jury and would be unfairly prejudicial because it invites the jury to make a decision on an improper emotional basis.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion in limine to preclude the introduction of the video in Exhibit A, as well as any testimony or argument regarding how defendant and Mojica were arrested.

5