CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
M. Bo Griffith (Bar No. 315358)
(E-Mail: bo_griffith@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
Brayan Ramos-Brito

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BRAYAN RAMOS-BRITO. <br><br> Defendant. | Case No. 2:25-cr-00501-SVW <br><br> **DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE POST-ASSAULT EVIDENCE** <br><br> Hearing Date: Sept. 15, 2025 <br> Hearing Time: 11:00 a.m. <br> Location: Courtroom of the Hon. Stephen V. Wilson |

Defendant Brayan Ramos-Brito, through his counsel of record, M. Bo Griffith and Cuauhtemoc Ortega, hereby files his opposition to the government's Motion *in Limine* to Exclude Post-Assault Evidence (Dkt. 85).

## I. INTRODUCTION

The government by this motion seeks to exclude evidence showing United States Border Patrol (USBP) agents unjustifiably assaulted and then forcefully dragged Brayan Ramos-Brito across the concrete, tearing his clothes and causing him significant bodily injury. This includes the video footage the government attaches as Exhibit A to its motion. The government may not like that its agents engaged in excessive, unjustified force, but that is not a reason to try to hide this information from the jury. The evidence is relevant to Mr. Ramos-Brito's defense and must be admitted.

## II. ARGUMENT

### A. Relevance

Rule 401 permits the introduction of evidence "having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" (emphasis added). Evidence that does not meet this definition is inadmissible. Fed. R. Evid. 402. However, Rule 401 sets a very low threshold for admissibility in framing the bar as "any tendency," rather than a specific, concrete, or direct "tendency." That is because the Court must be careful to allow the jury, and not the parties, to act as the final arbiter of fact.

The government claims that Mr. Ramos-Brito struck J.M. in the chest. The defense disputes this claim as false. Thus, whether the action happed is a question of fact for the jury. The defense will also argue that any actions Mr. Ramos-Brito took in response to J.M.'s excessive force, or the excessive force of the agents working in concert with him, were in self-defense, for the reasons addressed in response to the government's Motion *in Limine* to Exclude Self Defense.

The fact that USBP agents used excessive force in arresting Mr. Ramos-Brito is relevant here because it shows that the agents, including J.M., engaged in a *pattern* of excessive force from the moment of first encounter until the very end. There is no video

2

footage capturing the alleged strike by Mr. Ramos-Brito to J.M.'s chest, as such, the issue will come down to a credibility determination of J.M.'s and the other agents' words. The evidence in dispute is, thus, relevant for at least two important reasons.

First, it is relevant to bias and credibility. The fact that the agents engaged in excessive force against Mr. Ramos-Brito gives them an incentive to lie, including regarding whether Mr. Ramos-Brito struck J.M. as they falsely claim. J.M. and the agents have an interest in framing Mr. Ramos-Brito as the aggressor because a finding of excessive, unlawful force can subject them to workplace discipline, social opprobrium, and liability. Because J.M.'s and the other agents' words will form the basis of the government's case, Mr. Ramos-Brito must be allowed to undermine their credibility, including with evidence that they have a motive to lie to justify their unlawful actions.

Second, the evidence is relevant because it supports Mr. Ramos-Brito's defense that he never struck J.M. in the first place. A jury can infer from the fact that the agents used excessive, unlawful force when arresting Mr. Ramos-Brito that they were willing to use such force from the onset as the initial aggressors. The government may disagree with that inference, but the government is not the finder of fact. It is common sense that video showing the agents applying excessive force to Mr. Ramos-Brito has a "tendency" to show they applied the same force on first contact. J.M. may claim he did not participate in the group beating, but that is a contested issue of fact for the jury to decide.

**B.   Unfair Prejudice, Confusing the Issues, Misleading the Jury, Wasting Time**

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue waste of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

It is understandable why the government does not want the jury to see evidence of its agents' misconduct, it hurts their case; but that doesn't make this relevant evidence "*unfairly* prejudicial." Rather, it makes it all the more relevant and important. To the extent the Court is concerned about unfair prejudice, there are alternative approaches it should take instead of exclusion. First, the Court will, at the parties' request, already be instructing the jury to set aside emotion and bias when deliberating. Rather than exclude the evidence, the Court can invite the government to propose additional limiting instructions to address its (unfounded) concerns. Second, the Court can allow the government to elicit context for the video footage from its witnesses. If the witnesses did nothing wrong, they should have no trepidation about explaining their actions.

The other Rule 403 reasons for exclusion cited by the government are nonsense. The short video footage is not going to unduly waste any time, confuse the issues, or mislead the jury. To the extent the government is genuinely concerned about confusing or misleading the jury, it can submit limiting instructions for the Court to review and deliver at the time the evidence is received.

### III. CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court deny the government's motion.

Respectfully submitted,

Cuauhtemoc Ortega
Federal Public Defender

DATED: September 11, 2025     By  */s/ M. Bo Griffith*
                                                                                     M. Bo Griffith
                                                                                     Deputy Federal Public Defender
                                                                                     Cuauhtemoc Ortega
                                                                                     Federal Public Defender
                                                                                     Attorneys for Brayan Ramos-Brito