CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
M. Bo Griffith (Bar No. 315358)
(E-Mail: bo_griffith@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
Brayan Ramos-Brito

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRAYAN RAMOS-BRITO.<br><br>Defendant. | Case No. 2:25-cr-00501-SVW<br><br>**DEFENDANT'S MOTION *IN LIMINE* TO COMPEL GRAND JURY INFORMATION AND TRANSCRIPTS**<br><br>Hearing Date: Sept. 15, 2025<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom of the Hon. Stephen V. Wilson |

Defendant Brayan Ramos-Brito, through his counsel of record, M. Bo Griffith and Cuauhtemoc Ortega, hereby moves *in limine* to compel the government to disclose grand jury information and transcripts, if they exist.

1

## I. INTRODUCTION

The government refuses to tell the defense whether it presented this case to the grand jury or not. This refusal to disclose the existence of the proceeding is suspicious and raises the inference that such proceeding was held and that no bill was returned. The government could clarify this immediately, but it will not. If witnesses testified before the grand jury and no charge resulted, that testimony is relevant to Brayan Ramos-Britos's defense under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Gigilo v. United States*, 405 U.S. 150 (1972). This is particularly so if testimony to the grand jury will impeach trial witness testimony that differs, even slightly, in its recitation of the evidence. Mr. Ramos-Brito respectfully requests that the Court compel the government to answer whether the case was presented to the grand jury; it should also compel the government to disclose grand jury transcripts if they exist.

## II. ARGUMENT

Disclosure of grand jury materials under Rule 6(e) is generally permitted upon a defendant's showing of a "particularized need." *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 221-22 (1979); *United States v. Sells Eng'g*, 463 U.S. 418, 442-443 (1983). This showing of "particularized need" requires that the party requesting disclosure show that the material sought is necessary to "avoid possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id*. at 443.

### A.    The grand jury transcripts include *Brady/Giglio* evidence.

The prosecutor in a criminal case must disclose evidence favorable to the accused. The Supreme Court has stated that suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Brady* also requires the

disclosure of evidence impeaching the testimony of a government witness when the reliability of that witness may be determinative of a criminal defendant's guilt or innocence. *See Giglio v. United States*, 405 U.S. 150 (1972). *See also* Bagley, 473 U.S. 667 (1985).

The mandates of Brady and Giglio override the requirements of the Jencks Act. *See e.g., Chavis v. State of NC.*, 637 F.2d 213, 223 (4th Cir. 1980) (*Brady* is broader than Jencks and may be violated when government fails to disclose material that otherwise is not discoverable under Jencks); *United States v. Campagnuolo*, 592 F.2d 852, 860 (5th Cir.1979) (stating without deciding that *Brady* would override Jencks Act when failure to order pretrial discovery would result in denial of defendant's due process rights); *United States v. Tarantino*, 846 F.2d 1384, 1414 n.11 (D.C. Cir. 1988) (government's *Brady* obligations are in no way lessened by the Jencks Act limitations).

The government must make a "reasonable effort" to aid the defense in obtaining favorable evidence and witnesses. *United States v. Henao*, 652 F.2d 591, 592 (5th Cir. 1981); *United States v. Hernandez Gonzalez*, 608 F.2d 1240, 1246 (9th Cir. 1979). Furthermore, the government must disclose *Brady* material at a time that permits the defense to use these materials for trial preparation. *See, e.g., United States v. Elmore*, 423 F.2d 775, 779 (4th Cir. 1970); *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985).

Here, there is no reason to refuse to tell the defense whether or not a grand jury proceeding took place, and whether or not witness transcripts are available. If no charges were returned against Mr. Ramos-Brito, this raises a valid inference that the grand jury transcripts are unfavorable to the government and favorable to the defense. They, in addition, may impeach trial witnesses if trial witness testimony differs in any respect from the testimony provided to the grand jury.

Ms. Ramos-Brito is not at this time seeking disclosure of the entire transcript. Rather, he is seeking disclosure of witness testimony for use in trial preparation.

**B.     There is little interest in protecting the secrecy of the grand jury proceedings.**

There is little interest in secrecy at this point in the proceedings.  Ordinarily, courts weigh the need for disclosure against the traditional policies underlying grand jury secrecy:

> (1) To prevent the escape of those whose indictment may be contemplated;
>
> (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment of their friends from importuning the grand jurors;
>
> (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at [t]he trial of those indicted by it;
>
> (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes;
>
> (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation

See *U.S. Indus, Inc. v. U.S. Dist. Court for the Southern Dist. of Cal., Central Division*, 345 F.2d 18, 21 (9th Cir. 1965).

None of those considerations apply here. Mr. Ramos Brito has already been charged; there is no further grand jury deliberation to be had.  There is no threat of witness intimidation, particularly since the witnesses are law enforcement, not lay persons. Indeed, after a grand jury's investigation has terminated, most of the reasons for grand jury secrecy are no longer applicable and the others are less than compelling.

//

//

### III. CONCLUSION

For the foregoing reasons, Mr. Ramos Brito requests that the Court compel the government to disclose whether it presented this case to the grand jury, and if so, further compel disclosure of the grand jury testimony transcript(s).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 11, 2025        By  */s/ Cuauhtemoc Ortega*
                                     Cuauhtemoc Ortega
                                     Federal Public Defender
                                     M. Bo Griffith
                                     Deputy Federal Public Defender
                                     Attorneys for Brayan Ramos-Brito

5