BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
JEHAN PERNAS KIM (Cal. Bar No. 320584)
Assistant United States Attorney
Deputy Chief, Transnational Organized
Crime Section
PATRICK D. KIBBE (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (714) 338-3549/ (213) 894-6482
    Facsimile: (213) 894-0141
    Email:    jehan.kim@usdoj.gov
            patrick.kibbe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:25-501-SVW |
| Plaintiff, | MOTION TO QUASH SUBPOENAS AND EXCLUDE IMMATERIAL DEFENSE WITNESSES AT TRIAL |
| v. | |
| BRAYAN RAMOS-BRITO, | Hearing Date: Sept. 15, 2025 |
| Defendant. | Hearing Time: 11:00 a.m.<br>Location: Courtroom of the Hon. Stephen V. Wilson |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Jehan P. Kim and Patrick D. Kibbe, hereby files its motion to quash subpoenas and exclude immaterial defense witnesses at trial.

    This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further

evidence and argument as the Court may permit.  Defense counsel opposes the motion.

Dated: September 13, 2025        Respectfully submitted,

                                 BILAL A. ESSAYLI
                                 Acting United States Attorney

                                 JOSEPH T. MCNALLY
                                 Assistant United States Attorney
                                 Acting Chief, Criminal Division


                                       /s/
                                 JEHAN P. KIM
                                 PATRICK D. KIBBE
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

On June 7, 2025, defendant BRAYAN RAMOS-BRITO ("defendant") struck Border Patrol Agent J.M. in the chest, while Agent J.M. was engaged in his official duties. For his conduct, defendant has been charged with violating 18 U.S.C. § 111(a)(1), assault on a federal officer or employee, which is a Class A misdemeanor. Jury trial is set to begin next Tuesday, September 16, 2025.

Despite what should be an efficient and relatively simple trial, defendant has subpoenaed 26 law enforcement witnesses, and those are just the witnesses the government is aware of. The defendant has not proffered what any of these witnesses would say that is relevant to the charged assault; many (if not most of them) did not witness the assault, and some of them were not even at Paramount on the day in question. Many of these witnesses are not even located in the Central District of California and some are scheduled to be out of the district next week.

By this motion, the government respectfully moves for an order excusing these 20 of these 26 witnesses from appearing next week because their testimony would be irrelevant and needlessly cumulative under Federal Rules of Evidence 401, 403. To the extent these witnesses are being called solely for impeachment purposes, or to discuss the facts of defendant's arrest after his assault, or the facts surrounding other law enforcement operations by HSI or Border Patrol, their testimony is additionally impermissible under Rules 607, 608, and 613. While the government fully understands that defendant has a right to present a defense in this case, that right

does not include calling an endless stream of witnesses to present irrelevant testimony.

Alternatively, should the Court permit defendant to call these witnesses (or any subset thereof) at trial, the government respectfully requests that the Court explicitly narrow such testimony to relevant facts to avoid wasting the jury's time.

II. **STATEMENT OF FACTS**

    **A.   The Assault**

On Saturday morning, June 7, 2025, there was a protest outside of an office complex, housing HSI, in Paramount, California. A group of individuals gathered there to protest federal immigration enforcement proceedings. Some of the protestors, including defendant, were shouting threats, and attempting to block access to the office complex, preventing USBP cars and other vehicles from entering. Prior to the assault, defendant was captured on bodycam arriving on scene, saying "all of you all some fucking bitches, all of you all some bitches, fuck Border Patrol bitch. You're a fucking disgrace if you're Mexican." A few minutes later, he is pictured with both fists balled up at his sides, getting close to agents and telling them to "get the fuck up out of here." He points his finger a few inches away from an agent's face, telling him "I want you [motherfucker]."

When Agent Morales, the victim in this case, pushed another protestor out of the way of incoming traffic, defendant shoved Agent Morales in the back. A few minutes after that, while defendant continued to block the road and prevent cars from getting into the office complex, Agent Mejorado walked up to defendant and put his hand on his arm to escort him out of the way. Defendant reacted by

swatting his arm away and continued to block traffic.  Agent J.M. then walked up to defendant and pushed him back several feet.  In response, defendant came back toward Agent J.M. with his fists balled up and struck Agent J.M.'s chest.  For this strike, defendant was charged in an information with misdemeanor assault on a federal officer or employee.

### B.    Defense Witness List

Defense counsel has requested the government's assistance with securing the attendance of 26 current and former law enforcement witnesses at trial.  Almost every day this week a new bevy of subpoenas has been emailed to the government, and government counsel has promptly forwarded each request on to agency counsel.  Each time, agency counsel has accepted email service of the subpoenas.

Five of these witnesses are also on the government's witness list:

1. USBP Agent J.M.;
2. USBP Agent E. Mejorado;
3. USBP Agent R. Torres;
4. USBP Chief Bovino;
5. USBP Agent J. Rivera-Navarro;

A sixth is the case agent, who will be present throughout trial:

6. HSI Special Agent A. Gallegos

The remaining 20 individuals, however, have no relevance to this case.  They include 15 Border Patrol Agents who were at Paramount on the day of the assault, but did not witness the assault:

7. USBP Agent Anthony B. (location SDCA)
8. USBP Agent Roberto B. (location SDCA)
9. USBP Jose F. (location NDIL)

3

|    |     |                                                    |
|----|-----|----------------------------------------------------|
| 1  | 10. | USBP Agent Alejandro G. (location SDCA)            |
| 2  | 11. | USBP Agent Deron G. (location SDCA)                |
| 3  | 12. | USBP Agent Jonathan I. (location SDCA)             |
| 4  | 13. | USBP Agent David K. (location NDIL)                |
| 5  | 14. | USBP Agent Victor S. (location NDIL)               |
| 6  | 15. | USBP Agent Matthew S. (location SDCA)              |
| 7  | 16. | USBP Agent Brandon T. (location Arizona)           |
| 8  | 17. | USBP Agent Michael T. (location SDCA)              |
| 9  | 18. | USBP Agent Alexander M. (location NDIL)            |
| 10 | 19. | USBP Agent Daniel P. (location NDIL)               |
| 11 | 20. | USBP Agent Dino R. (location Arizona)              |
| 12 | 21. | USBP Agent Daniel D. (location WDTX)               |
| 13 | 22. | HSI Special Agent in Charge Eddy Wang              |
| 14 | 23. | HSI Supervisory Special Agent Manuel A.            |
| 15 | 24. | HSI Special Agent Jasmine G.                       |
| 16 | 25. | HSI Special Agent Tyson W.                         |
| 17 | 26. | HSI Special Agent Maria E.                         |

Many of these agents are not located in the Central District and are dispersed throughout the country, including in San Diego, California, Yuma, Arizona, and Chicago, Illinois. Five other individuals are HSI Special Agents, including the Special Agent in Charge ("SAC") of HSI in this region, Eddy Wang. Of these, only SAC Wang was even at Paramount that day. The other four agents appear to have been subpoenaed because their names appear on reports of interviews, but most of these interviews also had HSI Special Agent A. Gallegos present as well, and he is the case agent and will be present at trial. HSI Special Agent Jasmine G. is also scheduled to be on annual leave out of the district starting this Sunday.

4

III. **ARGUMENT**

Given the lack of discernible relevance for these additional 20 witnesses, the government objects to requiring the remaining individuals to appear at trial.

### A. The Government Has Standing to Object to the Subpoenas

The government has standing to move to quash the subpoenas. See, e.g., United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981) (allowing the government, i.e., the U.S. Attorney's Office, to move to quash a defense subpoena served on the Department of Education). Federal courts have recognized the government's legitimate interest in quashing a defendant's subpoena based upon preventing an undue lengthening of the trial, undue harassment of a witness, and prejudicial over-emphasis on a witness's credibility. See, e.g., id.; United States v. Segal, 276 F. Supp. 2d 896, 900 (N.D. Ill. 2003); United States v. Orena, 883 F. Supp. 849, 869 (E.D.N.Y. 1995); United States v. Jenkins, 895 F. Supp. 1389, 1393 (D. Haw. 1995).

### B. The Testimony of 20 Additional Law Enforcement Witnesses Will Be Needlessly Cumulative and a Waste of Time

Where a defendant is attempting to subpoena a laundry list of witnesses who will offer no admissible testimony at trial, the Court should impose reasonable limits on the defendant's use of the subpoena power. Wagner v. United States, 416 F.2d 558, 564 (9th Cir. 1969) ("[I]t seems obvious that witnesses whose testimony would be cumulative need not be subpoenaed."); United States v. Zuideveld, 316 F.2d 873, 881 (7th Cir. 1963) ("It is well settled that Rule 17(b), does not vest an absolute right to the issuance of such subpoenas and that the trial court is granted a wide latitude in order to prevent abuses.")

Permitting the defense to call 20 additional witnesses beyond the six the government is working to secure at trial will only needlessly prolong what is otherwise a simple misdemeanor assault case that should last no more than a day. See Fed. R. Evid. 403. Requiring 20 separate law enforcement witnesses to appear at trial, on the off chance that they may provide some piece of information that is not already covered by another witness or the videos in this case, is unnecessarily burdensome on the functioning of two major law enforcement agencies, the United States Border Patrol and Homeland Security Investigations. For these reasons, defendant's subpoenas should be quashed.

### C. Witnesses Cannot Be Called Just for Impeachment

The Court can and should preclude the defense from calling a witness for the sole purpose of impeaching him or other defense witnesses. The Court also should preclude the defense from calling a witness for the sole purpose of impeaching a government witness about immaterial facts. Extrinsic evidence of a prior inconsistent statement is only admissible if the testifying witness is confronted with -- and denies -- making the prior statement, and only if the statement relates to a material matter. The "defense may not call a witness who has not testified merely to attempt to discredit him in the course of eliciting adverse testimony." Beasley v. United States, 218 F.2d 366, 368 (D.C. Cir. 1954); accord United States v. Libby, 475 F. Supp. 2d 73, 80-84 (D.D.C. 2007) (barring the defense from impeaching its own witnesses with hearsay statements).

Furthermore, a witness cannot be impeached with someone else's statement. Rather, "[o]nly the declarant of the prior inconsistent statement, not another witness, may be impeached with the statement."

6

United States v. Bao, 189 F.3d 860, 866 (9th Cir. 1999). That is because "[w]hereas an inconsistent statement by a testifying witness can be used to impeach that witness's credibility, an inconsistent account by another source is offered to show an alternative view of the truth." Bemis v. Edwards, 45 F.3d 1369, 1372 (9th Cir. 1995).

Calling a witness to impeach someone else about that other witness's prior inconsistent statement is only permissible if the witness denies making the prior statement, and even then, it must not relate to a collateral matter. Fed. R. Evid. 613(b); United States v. Higa, 55 F.3d 448, 452-53 (9th Cir. 1995). Under Rule 613(b), the witness must also first be given an opportunity to address the alleged inconsistent statement. "If the witness admits making the former contradictory statement, no further proof is necessary." United States v. Hibler, 463 F.2d 455, 462 (9th Cir. 1972) (citations omitted).

Even then evidence admissible under Rule 608(b) is still "subject . . . to the balancing analysis of Rule 403." United States v. Olsen, 704 F.3d 1172, 1184 n.4 (9th Cir. 2013). Thus, to the extent these witnesses have been subpoenaed not for their percipient observations of the assault, but for the speculative possibility that they may have said or described something slightly differently than another agent, that would be an impermissible purpose behind calling them.

IV. **CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court preclude defendant from subpoenaing for trial the 20 law enforcement witnesses identified above.