BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
JEHAN PERNAS KIM (Cal. Bar No. 320584)
Assistant United States Attorney
Deputy Chief, Transnational Organized
Crime Section
PATRICK D. KIBBE (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (714) 338-3549/ (213) 894-6482
     Facsimile: (213) 894-0141
     Email:    jehan.kim@usdoj.gov
               patrick.kibbe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>BRAYAN RAMOS-BRITO,<br><br>　　　　Defendant. | No. CR 2:25-501-SVW<br><br>GOVERNMENT TRIAL MEMORANDUM<br><br>Trial Date: September 16, 2025<br>Trial Time: 9:00 a.m.<br>Location:   Courtroom of the<br>　　　　　　　Hon. Stephen V.<br>　　　　　　　Wilson |

　　　Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Jehan P. Kim and Patrick Kibbe, hereby files its Trial Memorandum.

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

 /s/
―――――――――――――――――――――――
JEHAN PERNAS KIM
PATRICK D. KIBBE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant BRAYAN RAMOS-BRITO ("defendant") will soon stand trial for assault on Border Patrol Agent J.M., a federal officer in violation of 18 U.S.C. § 111(a)(1). The charge is a Class A misdemeanor.

This is a simple case. On the morning of June 7, 2025, defendant showed up at a protest in front of a business complex housing HSI offices. There were a number of Border Patrol agents outside. Defendant was belligerent and threatening. Agents repeatedly urged him to calm down, and get out of the road so cars could enter the complex, to no avail. He struck Agent J.M., threatened another agent, and finally after he ignored orders to move out of the way of cars entering the complex, Agent J.M. shoved him out of the way. Defendant then decided to retaliate, and struck Agent J.M.

Trial is set to commence on September 16 at 9:00 a.m.

**II.  Length of Trial and Number of Witnesses**

Government Case: The government estimates that presentation of its case-in-chief will take approximately 2 hours, not including defense's cross-examination. The government currently anticipates calling the following five witnesses in its case-in-chief:

- Border Patrol Agent J.M. (victim)
- Border Patrol Agent E. Mejorado
- Border Patrol Agent R. Torres
- Chief Gregory Bovino
- Border Patrol Agent J. Rivera-Navarro (records custodian)

1    Government Exhibits: The government will seek to admit
2 approximately 15 exhibits, which primarily include the assault body
3 camera videos, and still photos from the videos.
4    Defense Case: The defense case appears to center around making
5 this a trial about what happened after defendant's assault of Agent
6 J.M., when defendant was arrested.  The defense has also subpoenaed
7 26 witnesses, and has provided no offer of proof for them.  This
8 issue is addressed more fulsomely in the Government's Motion to Quash
9 Defense Witnesses at Dkt. 96.

**III. THE ELEMENTS OF THE CRIME**

The elements of the crime agreed to by the parties are as follows:

First, the defendant forcibly assaulted J.M.; and

Second, the defendant assaulted J.M. while J.M. was engaged in, or on account of, his official duties.

### 1. Mens Rea

Section 111 is a general intent crime in the Ninth Circuit, and no intent to injure is required to prove this offense. United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir. 1990).

### 2. Self-Defense Jury Instruction

On September 8, 2025, the parties filed a set of Joint Proposed Jury Instructions, and agreed on the Self-Defense Jury Instruction that would be read to the jury (Dkt. 82-20), if the Court denied Government's Motion to Preclude Self-Defense.

On September 11, without meeting and conferring with the government, defendant changed course, and noted in his Opposition to Government's Motion to Preclude Self-Defense, that the "defense erred in submitting Model Jury Instruction 8.3 for the Court's

consideration." Dkt 87-4. Defendant then asked for the general self-defense model jury instruction at 5.10, because they argue that when Agent J.M. shoved defendant back a few feet, in order to get him to move out of the road, this was excessive force. The evidence at trial will show that Agent J.M. shoved defendant back a few feet, used lawful force, and had defendant simply walked away, nothing would have happened to him. Defendant chose to walk back and retaliate. Defendant has not established a foundation for a self-defense claim, much less an excessive force self-defense claim.

Regardless, if the self-defense argument is permitted by the Court, the government proposes that Joint Proposed Jury Instruction No. 12 (Assault on a Federal Officer or Employee-Defenses) be removed, and Joint Proposed Jury Instruction No. 11 (Assault on a Federal Officer or Employee) be altered as follows (the portions underlined represent the alteration):

<u>Government Proposed Jury Instruction No. 11</u>

The defendant is charged in the information with assault on a federal officer in violation of Section 111(a)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted J.M.;

Second, the defendant assaulted J.M. while J.M. was engaged in, or on account of, his official duties; and

<u>Third, the defendant did not act in reasonable self-defense.</u>

3

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

<u>The defendant acted in reasonable self-defense if he reasonably believed that use of force was necessary for the defense of himself against the immediate use of unlawful force.  However, the defendant must not have used more force than appeared reasonably necessary under the circumstances.  In other words, the defendant's actions should be judged from the point of view of a reasonable person in the defendant's position.</u>

**IV. PRETRIAL MOTIONS**

    1.    <u>Government Motions</u>

Government Motions:

- (1) Motion to Preclude Self-Defense Arguments (Dkt. 84).
- (2) Motion to Exclude Post-Assault Evidence (Dkt. 85).
    - After the Government filed this motion, the Defense produced reciprocal discovery to the Government consisting of photos of Defendant and a potential defense witness following their arrests. To the extent that Defendant intends to introduce these post-arrest photos as exhibits, the Government objects for the same reasons as discussed in its Motion to Exclude Post-Assault Evidence.
- (3) Motion to Quash Defense Subpoenas (Dkt. 96).

    2.    <u>Defense Motions</u>

Defense Motions:

- (1) Motion Requesting Attorney-led Voir Dire (Dkt. 88).

4

   o This is a misdemeanor jury trial.  The government believes the Court's usual voir dire practices will more than suffice.

- (2) Motion Requesting to Compel Grand Jury Information and Transcripts (Dkt. 92).
- (3) Motion to Compel Use Immunity for Jose Mojica (Dkt. 99).

**V. LEGAL AND EVIDENTIARY ISSUES**

  **A. Defendant's Statements**

  The government will be admitting a number of statements made by defendant when he was at the Paramount protests.  A defendant's out-of-court statement is admissible if offered against him by the government.  Fed. R. Evid. 801(d)(2)(A).

  **B. Scope of Cross-Examination of Defendant**

  If the defendant testifies at trial, he waives his right against self-incrimination, and the government will cross-examine him on all matters reasonably related to the subject matter of his testimony. See, e.g., Fitzpatrick v. United States, 178 U.S. 304 (1971) ("The defendant cannot assert a self-incrimination privilege 'on matters reasonably related to the subject matter of his cross-examination.'"); United States v. Black, 767 F.2d 1334, 1341 ("What the defendant actually discusses on direct does not determine the extent of permissible cross-examination or his waiver. Rather, the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony.") (internal quotations and citation omitted).

  The scope of cross-examination is within the discretion of the trial court. Fed. R. Evid. 611(b). The defendant has no right to avoid cross-examination on matters that call into question his claim

of innocence. United States v. Mehrmanesh, 682 F.2d 1303, 1310 (9th Cir. 1982); United States v. Miranda-Uriarte, 649 F.2d 1345, 1353-54 (9th Cir. 1981). The government, however, may introduce evidence should defendant "open the door." See United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995), as amended on denial of reh'g (Apr. 11, 1995) ("When a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue.").